IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DARNELIUS R. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 2:07-CV-356 |
| | ) |
| SUPERIOR COURT OF LAKE COUNTY, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court *sua sponte*. For the reasons set forth below, the Court **DISMISSES** this complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

BACKGROUND

Plaintiff, Darnelius R. Hill, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Hill alleges that the Lake County Superior Court sentenced him to a 2 year term of imprisonment in the Lake County Jail, but did not grant him credit for time served. He alleges that the judge gave him such credit, but that due to an error, it did not get calculated into his original sentence. He therefore filed a post-conviction relief petition which he says was granted and that he was credited with 74 days. He now sues the court seeking monetary compensation for having been incarcerated

past his proper release date.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

-2-

grounds upon which it rests.'"

*Erickson v. Pardus*, 550 U.S. \_\_\_\_, \_\_\_\_; 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. \_\_\_, \_\_\_; 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> a document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson,* 127 S. Ct. At 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation."

-3-

*Twombly*, 127 S.Ct. at 1965(*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Hill Cannot Maintain Suit Against the Superior Court of Lake

Hill names only one defendant: The Superior Court of Lake County. He alleges that "somehow an error was made and the credit didn't get added in." Complaint at 3, docket # 1. This presents three problems in a § 1983 claim. First, personal involvement is an element of a § 1983 claim. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). But Hill has not named a person, he has named only a governmental entity.

Second, the Eleventh Amendment prohibits monetary damage suits against States and their agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). The Superior Court, though named for the county in which it sets, is a State entity. *Pruitt v. Kimbrough*, 536 F.Supp. 764, 766 (N.D. Ind. 1982),("Judges of Indiana's Circuit superior, and county courts are judicial officers of the state judicial system; they are not county officials.") *See also State ex rel. McClure v. Marion Superior Court*, 158 N.E. 2nd 264 (1959); *State ex rel. Gibson v. Friedley*, 34 N.E. 872 (1893; and *State ex rel. Pittman v. Tucker*, 46 Ind. 355 (1874).

Third, to state a claim under § 1983 requires an allegation of deliberate indifference. Liability under § 1983 attaches only where a defendant acts with "something approaching a total unconcern for

-4-

[the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Liability does not attach even if a defendant is incompetent, *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000), or unreasonable, *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995).

Here, Hill does not allege, and based on this complaint, it is not reasonable to infer, that any state court employee acted with deliberate indifference or with the deliberate intent to illegally extend his incarceration in the county jail. Rather he merely alleges that "somehow an error was made".

As unfortunate and personally damaging as this error was, neither the Constitution nor § 1983 imposes liability for monetary damages for mistakes or negligence. Therefore Hill has no federal cause of action based on these facts. Nevertheless, because the state law of Indiana may provide him with a cause of action and a remedy for negligent torts such as this, this case will be dismissed without prejudice so that he may pursue such a claim in state court if it is available to him.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.


DATED:  November 2, 2007              /s/RUDY LOZANO, Judge
                                      **United States District Court**